**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**JAMIE FRANCISCO (#25430)**                                    **CIVIL ACTION**

**VERSUS**                                                      **19-839-JWD-RLB**

**WALMART, ET AL.**

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

    **ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

    Signed in Baton Rouge, Louisiana, on February 18, 2021.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JAMIE FRANCISCO (#25430)                         CIVIL ACTION

VERSUS                                            19-839-JWD-RLB

WALMART, ET AL.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion for Preliminary Default Judgment filed on February 8, 2021. (R. Doc. 22). The deadline for filing an opposition has not expired. LR 7(f).

**I.    Background**

On December 2, 2019, Jamie Francisco ("Plaintiff"), an inmate at the Avoyelles Parish Marksville Detention Center who is proceeding *pro se*, commenced this action with the filing of a Complaint titled "Motion for Summary Judgement." (R. Doc. 1). Plaintiff alleges that Walmart Inc. ("Walmart") and Reckitt Benckiser Group PLC d/b/a Mead Johnson Nutrition Company's ("Mead Johnson")[1] (collectively, "Defendants") are liable for the "wrongful death (extrajudicial killing)" of his minor child, C.A.B. Plaintiff alleges that C.A.B. was born on December 8, 2018 at Rapides Women's and Children's Hospital in Alexandria, Louisiana; C.A.B. was discharged from the hospital on December 21, 2018; Walmart sold the infant formula at issue [Enfimil Gentlease][2] on December 27, 2018; C.A.B was fed the formula every 3 hours; and C.A.B. died on January 27, 2019. (R. Doc. 1 at 1). Plaintiff further alleges that C.A.B.'s death (identified as "dehydration/starvation" on the autopsy report) resulted from ingesting the Enfimil Gentlease,

---

[1] Mead Johnson states that Plaintiff incorrectly identified it as "Enfimeal Mead Johnson Nutrition." (R. Doc. 15 at 1; *see* R. Doc. 1 at 3).

[2] There is no dispute that this infant formula is manufactured by Mead Johnson.

which Plaintiff describes as an "unhealthy product" that should not be sold over-the-counter. (R. Doc. 1 at 1).

Plaintiff appears to assert that this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1343, which provides jurisdiction over certain civil rights actions or violations, and/or 28 U.S.C. § 1331, which provides federal question jurisdiction.[3] Plaintiff appears to seek substantive relief under the Alien Tort Statute, 28 U.S.C. § 1350 ("ATS"); the Torture Victim Protection Act of 1991, 106 Stat 73, note following 28 U.S.C. § 1350 ("TVPA"); the federal civil rights statute, 42 U.S.C. § 1983; and state negligence and products liability law.[4]

On March 16, 2020, Plaintiff filed a Motion to Proceed In Forma Pauperis. (R. Doc. 3). The Court granted the motion and ordered the Complaint to be served by the U.S. Marshal Service. (R. Docs. 5, 6).

On June 26, 2020, Plaintiff filed a document titled "Motion for Preliminary Default Judgment (Civil Right Complaint for Damages Under 42 USC 1983 and or Summary Judgment)." (R. Doc. 8). The Clerk of Court issued an order denying entry of default because the summons had not yet been returned on any defendants. (R. Doc. 9).

On November 13, 2020, Walmart filed a Motion to Dismiss. (R. Doc. 14).

On December 1, 2020, Mead Johnson filed a Motion to Dismiss. (R. Doc. 15).

On December 1, 2020, Plaintiff filed a "Motion for Preliminary Default Judgment (Civil Right Complaint for Damages Under 42 USC 1983 and or Summary Judgment)." (R. Doc. 16). The Clerk of Court did not issue an order with respect to this filing, which appears to seek an

---

[3] The Complaint does not specifically reference 28 U.S.C. § 1331. Plaintiff references the federal question statute, however, as a basis for subject matter jurisdiction in his subsequent filings. (*See* R. Doc. 8 at 1; R. Doc. 16 at 1). There is no dispute that the Court can properly exercise subject matter jurisdiction under the federal question statute in light of Plaintiff's causes of action under federal law.

[4] The Complaint does not specifically reference 42 U.S.C. § 1983. Similarly, the Complaint does not cite any specific source of law with respect to its mention of negligence. Plaintiff references § 1983 and Louisiana Civil Code articles. 2315, 2315.2, 2315.6, 2316, 3545 in his subsequent filings. (*See* R. Doc. 8 at 1-3; R. Doc. 16 at 1-3).

order of default judgment with respect to Walmart. Walmart opposed the motion on the basis that it is procedurally improper because it has filed a motion to dismiss. (R. Doc. 20).

On February 8, 2021, the undersigned issued a Report and Recommendation, which recommends to the district judge that the Defendants' Motions to Dismiss be granted with respect to Plaintiff's federal claims, and that Plaintiff's Motion for Preliminary Default Judgment directed to Walmart be denied. (R. Doc. 21).

That same day, Plaintiff filed the instant "Motion for Preliminary Default Judgment (Civil Right Complaint for Damages Under 42 USC 1983 and or Summary Judgment)." (R. Doc. 22). The instant motion appears to seek an order of default judgment with respect to Mead Johnson.

## II.     Law and Analysis

Rule 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After a party obtains an entry of default, the party may seek default judgment. Fed. R. Civ. P. 55(b); *see New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). It appears that Plaintiff's Motion for Preliminary Default is seeking both entry of default and default judgment with respect to Mead Johnson.

Mead Johnson was served with the summons and complaint on November 10, 2020. (R. Doc. 13). Accordingly, Mead Johnson had until December 1, 2020 to file an answer. Fed. R. Civ. P. 12(a)(1) ("Unless another time is specified by this rule or a federal statute. . . [a] defendant must serve an answer . . . within 21 days after being served with the summons and complaint.").

On December 1, 2020, Mead Johnson timely filed a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. (R. Doc. 15). Rule 12(b) specifically requires that a motion asserting such a defense "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). Mead Johnson's filing of a motion to dismiss under Rule 12(b)(6) suspended its deadline to file an answer until 14 days after the court's action on the motion. Fed. R Civ. P. 12(a)(4)(A). Accordingly, Mead Johnson is not in default and the relief in Plaintiff's Motion for Preliminary Default Judgment should be denied.

### III. Conclusion

Based on the foregoing,

**IT IS RECOMMENDED** that Plaintiff's Motion for Preliminary Default Judgment (R. Doc. 22) be **DENIED.**

Signed in Baton Rouge, Louisiana, on February 18, 2021.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**